UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ANGELA M. ECHTERLING,

        Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

        Defendant.

Case No. 2:17-cv-00459-JVB-JEM

**OPINION AND ORDER**

Plaintiff Angela Marie Echterling seeks judicial review of the Social Security Commissioner's decision denying her disability benefits, and asks this Court to remand the case. For the reasons below, this Court affirms the ALJ's decision.

**A. Overview of the Case**

Plaintiff alleges that she became disabled on January 1, 2000. (R. at 13.) Plaintiff most recently worked as a shift manager at a bowling alley, but she has not worked since 2001. (R. at 253.) The Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe physical impairments of fibromyalgia and degenerative disc disease. (R. at 15.) However, the ALJ concluded the Plaintiff could perform jobs that existed in significant numbers. (R. at 21-22.) Therefore, the ALJ denied her benefits. (R. at 22.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## D. Analysis

Plaintiff argues that the ALJ erred in finding that she was not disabled. Specifically, Plaintiff alleges that the ALJ's decision was not supported by substantial evidence in the record

(particularly in reference to her medical records) and that the ALJ erred in evaluating her degenerative disc disease and subjective symptoms.

**(1) The ALJ Properly Weighed and Considered Medical Evidence**

Plaintiff first takes issue with the ALJ's interpretation of the medical evidence. Plaintiff states that the ALJ misinterpreted medical files that were ambiguous, but she does not explain what particular medical evidence she believes was misinterpreted.

The ALJ discusses Plaintiff's impairments and RFC in detail, supporting his determination with specific evidence in the record. The ALJ also discussed the medical opinion evidence, discussing evidence thoroughly. (R. at 16–17, 19–21.) The ALJ only needs to support his determination with relevant evidence that reasonable minds could accept as supporting the ALJ's conclusion. *See Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The ALJ did so here. The ALJ supported his RFC determination by examining Plaintiff's limitations, credibility, medical history, medical opinions, and the totality of Plaintiff's medical record and testimony. (R. at 16–21.) The ALJ's RFC determination was well supported by medical evidence, and Plaintiff does not point to any specific evidence that the ALJ misinterpreted or erred in analyzing.

Plaintiff's brief seems to take issue with the way in which the ALJ interpreted the medical evidence. However, the Court may not reweigh evidence, resolve conflicts in the evidence, or make decisions of credibility. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 412 (7th Cir. 2008). Plaintiff may not agree with the ALJ's analysis of the evidence, but the ALJ supported his analysis with substantial evidence, and so the Court will not re-weigh the evidence.

Plaintiff takes issue with the ALJ's step two analysis. At step two, the claimant has the burden to establish a severe impairment. *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010). The step two analysis is a low threshold, a *de minimus* screening device to dispose of groundless claims. *Johnson v. Sullivan*, 922 F.2d 346, 347 (7th Cir. 1990). At step two, the ALJ found that Plaintiff suffered from the severe impairments of fibromyalgia and degenerative disc disease. (R. at 15.) The ALJ then discussed Plaintiff's other limitations, which he found to be non-severe. (R. at 15–16.) The ALJ noted that Plaintiff's trigeminal neuralgia, migraines, and hemicranias were present in the record, but the record did not reflect the frequency or intensity of symptoms that Plaintiff alleged. (R. at 15.) The ALJ then noted that Plaintiff's complaints of pain contrasted with the physical examinations of normal range of motion in her neck along with normal behavior. (R. at 15.) The ALJ also discussed Plaintiff's left-sided weakness, finding that Plaintiff's condition had improved since her 2014 possible transient ischemic attack, and that later CT scans and MRIs were unremarkable. (R. at 16.) More importantly, the ALJ noted that doctors placed no restrictions on Plaintiff related to her transient ischemic attack. (R. at 16.) The ALJ also thoroughly discussed Plaintiff's adjustment disorder and found it to be non-severe. (R. at 16.) Likewise, the ALJ properly relied on the consultative examiners and state agency doctors in determining Plaintiff's non-severe impairments. (R. 15-17.) As discussed above, the ALJ properly supported his determination with substantial evidence, supporting his conclusion with citations to the medical record and opinions.

**(2) The ALJ's Assessment of Plaintiff's Degenerative Disc Disease and Pain Was Supported by Relevant Evidence a Reasonable Mind Could Understand.**

Plaintiff alleges that the ALJ ignored her degenerative disc disease and the pain it causes her, which she contends has worsened since her application date and will only continue to worsen over time.

Following a 2014 low-speed car accident, a CT scan showed mild degenerative changes in Plaintiff's spine, and a cervical MRI showed mild disc bulges with no effect on the cervical cord. (R. at 575.) A thoracic MRI showed disc herniations at the T6-11 levels, but that the thoracic cord remained normal. (R. at 575.) Finally, an MRI of her lumbar spine showed minimal disc bulges. (R. at 575.) The ALJ discussed these scans and noted her mostly unremarkable physical examinations. (R. at 19-20.) The ALJ properly accommodated for Plaintiff's degenerative disc disease in the RFC, and Plaintiff has failed to identify how the ALJ failed to accommodate her degenerative disc disease.

Plaintiff seems to take bigger issue with the way the ALJ evaluated her subjective allegations of pain due to her degenerative disc disease. The ALJ found that Plaintiff's subjective complaints were not entirely supported by the record evidence. (R. at 20.) The ALJ relied on Plaintiff's MRI and CT scans, medical professional conclusions, physical examinations, and Plaintiff's normal range of motion to discredit her symptoms and allegations of pain. (R. at 20.)

When considering a claimant's symptoms, an ALJ evaluates many types of evidence and must make his own determinations about the evidence and its credibility. 20 C.F.R. § 404.1529. As long as the ALJ's subjective symptom determinations have some support in the record, and are not patently wrong, they are upheld. *See Diaz*, 55 F.3d at 308. Here, the ALJ sufficiently evaluated Plaintiff's symptoms and compared them to the objective evidence in the record. Although Plaintiff complains of debilitating pain, the ALJ found that her medical records note her degenerative disc disease caused her minimal or mild issues, and that she frequently showed normal range of motion and full muscle strength with no acute distress. (R. at 20.) The ALJ properly supported his subjective symptom determination with objective medical evidence in the record. Although Plaintiff alleges that her condition has worsened since 2014, she offers no

evidence to support her claim. The ALJ properly supported his conclusions, and Plaintiff has offered no evidence to refute the ALJ's findings.

**E. Conclusion**

The ALJ properly supported his determination with substantial evidence, correctly articulated his step two findings, and did not err in his subjective symptom analysis. For these reasons, the Court affirms the ALJ's decision.

SO ORDERED on March 27, 2019.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE